Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2014 | **DATE** | May 3, 2012 |
| **CASE TITLE** | William L. Hinton (#K-52122) vs. James O'Halloran, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#6] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim and as "malicious." The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Vienna Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

     The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Will County Sheriff's Deputies wrongfully arrested him in 2008, and that the State's Attorney's Office maliciously prosecuted him for violating an order of protection.

     The plaintiff having shown that he is indigent, motion to proceed *in forma pauperis* is granted. Because the plaintiff currently has a negative balance in his prison trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. *Id.* Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

     However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may **CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

As two judges of this court have previously advised the plaintiff, he has no tenable cause of action in federal court relating to his February 2008 arrest and prosecution. *See Hinton v. O'Halleren*, Case No. 11 C 2293 (N.D. Ill.), Minute Order of July 6, 2011 (Marovich, J.); and *Hinton v. McKenna*, Case No. 11 C 3779 (N.D. Ill.), Minute Order of July 14, 2011 (Pallmeyer, J.). As discussed in the prior dismissal orders, the plaintiff's false arrest claims are-time-barred, state's attorneys enjoy prosecutorial immunity, and malicious prosecution claims must be litigated in state court. The complaint, therefore, aside from being frivolous, is barred by the doctrine of *res judicata*. Under principles of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Furthermore, the plaintiff's re-filing of the same claims against the same defendants for the third time makes this action "malicious." *See, e.g., Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Garland v. O'Grady*, Case No. 88 C 8281, 1998 WL 118879 (N.D. Ill. Nov. 3, 1998) (Conlon, J.).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted and as "malicious." The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."